BOYD v. GERNANT.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. INSURANCE—LOCAL LODGE—ACTION AGAINST TREASURER.

A local benefit insurance lodge, with the sole management and control of its benefit fund, which it raises, manages, and dispenses as its own property, is, though the supreme lodge is incorporated, an unincorporated association within Code Civ. Proc. § 1919, providing that an action may be maintained against the president or treasurer of an incorporated association consisting of seven or more members. ·

2. SAME—AFFIRMATIVE DEFENSE.

A defense that such association does not in fact include seven members must be affirmatively established.

3. SAME—SICK BENEFITS—EVIDENCE—SUFFICIENCY.

In an action against a local lodge for sick benefits, the constitution and by-laws of the parent order were not offered in evidence, and the local lodge had no by-laws. It was proved, generally, that the lodge declared benefits at a certain rate per week, and for no determinate period, but that a resolution was adopted in reference to plaintiff, the tenor of which was not disclosed. It was further proved that the lodge ceased to pay plaintiff after a certain date, because it was asserted that he was then able to work, and that a committee was appointed to investigate his condition, but its reports were not produced. *Held*, that plaintiff had not made out a cause of action, as it was incumbent on him to show that the continuance of the benefaction was not at the option of the lodge.

Appeal from Municipal Court of New York.

Action by William D. Boyd against William Gernant, as treasurer of the Foresters of America. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph G. Mathews, for appellant.
James M. Seaman, for respondent.

HIRSCHBERG, J. The plaintiff sues as a member of a local lodge or subordinate court of the beneficial society or organization known as the "Foresters of America." He claims to be entitled to sick benefits from the 30th day of January, 1900, to June 20, 1901, at the rate of $6 per week, and alleges that the lodge, without justification, ceased paying him after April 18, 1901. The judgment which he has recovered is for the period from April 18 to June 20, 1901, at which latter date he claims to have been able to resume his ordinary work for the first time after an injury received on the previous January 30th. The answer is a general denial.

The defendant is sued as the treasurer of the local lodge, pursuant to the provisions of section 1919 of the Code of Civil Procedure. Although the parent or supreme lodge or court is incorporated under the laws of this state, the action may be maintained against the

treasurer of the local society, as the latter must be deemed an unincorporated association within the meaning of the section of the Code referred to, inasmuch as it is a separate, although subordinate, society, and has the sole management and control of the benefit fund in question, which it raises, manages, and dispenses as its own property and on its independent volition. Although there is no evidence in the case tending to indicate that the local lodge consists of seven or more members, the provision of section 1919, supra, to the effect that any company of persons which has a treasurer is deemed an association, within the meaning of the section, may probably be construed as meaning an association consisting of seven or more persons, and it would seem to follow that, if it was a defense that the association does not in fact include seven members, such defense must be affirmatively established upon the trial by the defendant.

But I fail to find in the record any proof that the plaintiff is entitled to recover benefits for the period covered by the judgment. The constitution and by-laws of the parent order are not in evidence. The lodge has no by-laws, and whatever right the plaintiff has appears to have been conferred by a resolution, which was not produced or its terms established in any way. It was proven generally that the lodge does declare sick benefits at the rate of $6 per week, and for no determinate period; but it was also proved that a resolution was adopted in reference to the plaintiff, the tenor of which was not disclosed. It was further proven that the lodge ceased to pay the plaintiff after April 18, 1901, because it was asserted that he was then able to perform his accustomed work, and that a committee was appointed to investigate his condition, which committee reported to the lodge from time to time, but the reports were neither produced nor their purport definitely stated. In the absence of any rule or regulation of the lodge creating a right to the benefit during the period of the plaintiff's incapacity, no absolute claim would exist, and, if such right has been conferred by voluntary resolution, it is incumbent upon the plaintiff to prove the fact by competent evidence, and to show that the continuance of the benefaction is not at the option of the lodge, but must embrace the entire period of disability. As the case is void of any direct proof beyond the facts of a voluntary agreement to pay and an equally voluntary cessation of payment, the plaintiff has failed to establish a cause of action.

The judgment should be reversed.

Judgment of Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.